Richard A. Higgins, Esq., SBN# 115736
THE LAW OFFICES OF RICHARD A. HIGGINS
4403 Park Boulevard
San Diego, CA  92116
(619) 298-6662
(619) 294-6765 fax

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD M. STEFAN,**<br><br>          Plaintiff,<br><br>v.<br><br>**GREGORY FUNK TAX SERVICE, GREG & BONNIE FUNK FAMILY TRUST and DOES 1 THROUGH 10,**<br><br>          Defendants. | **CASE NO. 08 CV 0884 BEN POR**<br><br>**DEFENDANTS, GREGORY FUNK dba PARKWAY TAX SERVICE, incorrectly sued as GREGORY FUNK TAX SERVICE and GREG & BONNIE FUNK FAMILY TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT.** |

   DEFENDANTS, **GREGORY FUNK,** an individual doing business as **PARKWAY TAX SERVICE**, incorrectly sued as **GREGORY FUNK TAX SERVICE** , and **GREG & BONNIE FUNK,** as Trustees of the **GREG & BONNIE FUNK FAMILY TRUST**, separating themselves from all other Defendants and for their Answer to the Complaint on file herein, admit, deny, plead, allege, and otherwise reply as follows:

   1.   Answering paragraph number 1, Defendants admit to the District Court's original jurisdiction over claims arising from Federal Statute.  Defendants further admit to the District Court's supplemental jurisdiction over state claims pursuant to 28 USC § 1367(a) but deny that such supplemental jurisdiction exists on the facts of the case or that the causes of action arose from a common nucleus of operative facts, as Defendants deny Plaintiff was denied full and equal access to Defendants' facilities.  Defendants further deny that they share a

1  commonality with respect to any facilities, goods and/or services, which Plaintiff sought access
2  to and additionally deny that they share any commonality with respect to their respective duties
3  respecting said facilities.  As to the remaining allegations, these Defendants lack information
4  and belief sufficient to enable them to respond to those allegations contained in this paragraph
5  and, on that basis, deny generally and specifically, each and every remaining allegation
6  contained therein.

7       2.     Answering paragraph number 2, Defendants admit that venue properly exists
8  with this District Court.

9       3.     Answering paragraph number 3, Defendants deny that the causes of action in the
10 complaint arose from a common nucleus of operative fact.  Defendants further deny Plaintiff
11 was denied full and equal access to Defendants' facilities.  Defendants further deny that they
12 share a commonality with respect to any facilities, goods and/or services, which Plaintiff
13 sought access to and additionally deny that they share any commonality with respect to their
14 respective duties respecting said facilities.  As to the remaining allegations, these Defendants
15 lack information and belief sufficient to enable them to respond to those allegations contained
16 in this paragraph and, on that basis, deny generally and specifically, each and every remaining
17 allegation contained therein.

18      4.     Answering paragraph number 4, Defendants admit that GREGORY FUNK is an
19 individual doing business as PARKWAY TAX SERVICE at 2606 Fletcher Parkway, El Cajon,
20 California, and is the lessee of of said premises.  Defendants deny the remaining allegations.

21      5.     Answering paragraph number 5, Defendants admit that GREG and BONNIE
22 FUNK are Trustees of the GREG & BONNIE FUNK FAMILY TRUST, and hold title to the
23 property located at 2606 Fletcher Parkway, El Cajon, California as trustees of said trust.
24 Defendants deny the remaining allegations.

25 ////

26
Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 2 of 11

6. Answering paragraph number 6, Defendants lack information and belief sufficient to enable them to respond to the allegations contained herein and on that basis, deny generally and specifically, these allegations.

7. Answering paragraph number 7, Defendants deny the allegations contained herein.

8. Answering paragraph number 8, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis, deny generally and specifically, each and every allegation contained therein.

9. Answering paragraph number 9, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis, deny generally and specifically, each and every allegation contained therein.

10. Answering paragraph number 10, Defendants lack information and belief sufficient to enable them to respond to the allegations that their 'facilities" are "public accommodations" within the meaning of the cited statutes and, on that basis, deny generally and specifically this allegation. Defendants further deny that they have newly built or altered the subject property and/or facility since 1971 within the meaning of California Health and Safety Code §19959.

11. Answering paragraph number 11, Defendants lack information or belief sufficient to respond to these allegations and, on that basis, deny generally and specifically the allegations contained therein.

12. Answering paragraph number 12, Defendants deny that Plaintiff was denied full and equal access to the facilities or that it was inaccessible to members of the disabled community. Defendants further allege that GREGORY FUNK offers in home tax services for those customers who are unable to physically come into his office. Defendants further allege that their facilities provide an alternative entry with a ramp for access. Defendants further deny

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 3 of 11

1  that their facility fails to comply with ADAAG standards to the extent that they are legally
2  required to comply. Defendants further allege that Plaintiff failed to avail himself of the
3  alternative services and entry for the sole purpose of filing this action in order to seek personal
4  financial gain.  As to the balance of the allegations contained in this paragraph, Defendants
5  deny same.

6         13.    Answering paragraph number 13, Defendants deny that Plaintiffs were deterred
7  from patronizing the facility and further deny that Plaintiffs were unable to use Defendants'
8  accommodations, to the extent they are available to the public, because they failed to comply
9  with ADA Access Guidelines or alleged architectural.  Defendants further allege that, to the
10 extent they have duties and obligations under the American with Disabilities Act and California
11 disability laws, Defendants have not breached any such duty.  As to the balance of the
12 allegations contained in this paragraph, Defendants deny same.

13        14.    Answering paragraph number 14, Defendants deny generally and specifically
14 each of the allegations contained in this paragraph.

15        15.    Answering paragraph number 15, Defendants deny generally and specifically
16 each of the allegations contained in this paragraph.

17        16.    Answering paragraph number 16, Defendants deny generally and specifically
18 each of the allegations contained in this paragraph.

19        17.    Answering paragraph number 17, Defendants lack information or belief
20 sufficient to enable them to respond to the allegation contained in this paragraph that "Plaintiff
21 does not allege a distinct physical injury as same is generally understood" and on that basis
22 deny this allegation.  As to the balance of the allegations contained in this paragraph,
23 Defendants deny, generally and specifically, the balance of said allegations contained in this
24 paragraph.

25 ////

26
27 Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
   Case no. 80 CV 0884 BEN POR
   Defendant's Answer to Complaint
   Page 4 of 11
28

18. Answering paragraph number 18, Defendants deny generally and specifically each of the allegations contained in this paragraph.

19. Answering paragraph number 19, Defendants deny generally and specifically each of the allegations contained in this paragraph.

20. Answering the second paragraph number 20, Defendants deny each and every allegation contained therein, in that Defendants are, at most, required to remove architectural barriers to the extent that same is "readily achievable."

21. Answering paragraph number 21, Defendants deny, generally and specifically, each and every allegation contained therein.

22. Answering paragraph number 22, Defendants lack information or belief sufficient to enable them to respond to allegation of what Plaintiff "believes" and on that basis deny this allegation. As to the balance of the allegations, Defendants deny, generally and specifically, each and every additional allegation contained therein.

23. Answering paragraph number 23, Defendants lack information or belief sufficient to enable them to respond to allegation that "Plaintiff would return" and on that basis deny this allegation. As to the balance of the allegations, Defendants deny, generally and specifically, each and every additional allegation contained therein.

24. Answering paragraph number 24, Defendants lack information or belief sufficient to enable them to respond to allegation of what damages Plaintiff seeks, and on that basis deny this allegation. Defendants further deny, generally and specifically, each and every additional allegation contained therein.

25. Answering paragraph number 25, Defendants restate and incorporate by this reference each and every response contained in paragraphs 1 through 24, inclusive, as though fully set forth.

////

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 5 of 11

Case 3:08-cv-00884-BEN-POR    Document 3    Filed 06/11/2008    Page 6 of 11

26. Answering paragraph number 26, Defendants deny, generally and specifically, each and every allegation contained therein.

27. Answering paragraph number 27, Defendants deny, generally and specifically, each and every allegation contained therein.

28. Answering paragraph number 28, Defendants lack information or belief sufficient to enable them to respond to allegations concerning what Plaintiff believes or intends, and on that basis deny these allegations. As to the balance of the allegations, Defendants deny, generally and specifically, each and every additional allegation contained therein.

29. Answering paragraph number 29, Defendants deny, generally and specifically, each and every allegation contained therein.

30. Answering paragraph number 30, Defendants cannot ascertain an intelligible factual allegation contained in this paragraph and on this basis deny, generally and specifically, each and every allegation contained therein.

31. Answering paragraph number 31, Defendants cannot ascertain an intelligible factual allegation contained in this paragraph and on this basis deny, generally and specifically, each and every allegation contained therein.

32. Answering paragraph number 32, Defendants restate and incorporate by this reference each and every response contained in paragraphs 1 through 31, inclusive, as though fully set forth.

33. Answering paragraph number 33, Defendants deny, generally and specifically, each and every allegation contained therein.

34. Answering paragraph number 34, Defendants lack information or belief sufficient to enable them to respond to allegations concerning what Plaintiff believes or intends, and on that basis deny these allegations. As to the balance of the allegations,

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 6 of 11

1  Defendants deny, generally and specifically, each and every additional allegation contained
2  therein.

3      35.    Answering paragraph number 35, Defendants lack information or belief
4  sufficient to enable them to respond to allegations concerning what Plaintiff believes or
5  intends, and on that basis deny these allegations. As to the balance of the allegations,
6  Defendants deny, generally and specifically, each and every additional allegation contained
7  therein.

8      36.    Answering paragraph number 36, Defendants restate and incorporate by this
9  reference each and every response contained in paragraphs 1 through 35, inclusive, as though
10 fully set forth.

11     37.    Answering paragraph number 37, Defendants admit to the existence of the
12 Americans with Disabilities Act; the California Unruh Civil Rights Act; the California
13 Disabled Persons Act and other cited California statutes. Except as expressly admitted,
14 Defendants deny the balance of the allegations contained in this paragraph and deny, generally
15 and specifically, the conclusions of Plaintiff regarding Defendants' duties under said acts and
16 statutes.

17     38.    Answering paragraph number 38, Defendants deny, generally and specifically,
18 each and every additional allegation contained therein. Defendants further allege that, to the
19 extent required by law, they can offer alternative methods of service such as in home tax
20 services as an alternate to removing barriers.

21     39.    Answering paragraph number 39, Defendants lack information or belief
22 sufficient to enable them to respond to allegations concerning what Plaintiff believes and on
23 that basis deny these allegations. As to the balance of the allegations, Defendants deny,
24 generally and specifically, each and every additional allegation contained therein.
25 ////

26
27 Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
   Case no. 80 CV 0884 BEN POR
   Defendant's Answer to Complaint
   Page 7 of 11
28

40. Answering paragraph number 40, Defendants deny, generally and specifically, each and every allegation contained therein.

41. Answering paragraph number 41, Defendants deny, generally and specifically, each and every allegation contained therein.

42. Answering paragraph number 42, Defendants deny, generally and specifically, each and every allegation contained therein.

43. Answering paragraph number 34, Defendants lack information or belief sufficient to enable them to respond to allegations concerning what Plaintiff seeks, and on that basis deny these allegations.  As to the balance of the allegations, Defendants deny, generally and specifically, each and every additional allegation contained therein.

**AS A FIRST AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY CAUSE
OF ACTION THEREIN, DEFENDANTS ALLEGE:**

1. By the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages, if any, as alleged in the Complaint, but Plaintiff failed to, refused and continue to refuse to exercise reasonable efforts to mitigate damages.

**AS AN SECOND AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY CAUSE
OF ACTION THEREIN, DEFENDANTS ALLEGE:**

2. The Complaint and each and every cause of action therein fails to allege sufficient facts to constitute a cause of action against these answering Defendants.

**AS A THIRD AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY CAUSE
OF ACTION THEREIN, DEFENDANTS ALLEGE:**

3. Plaintiff's Complaint is barred in whole or in part by reason of Plaintiff's acts or omissions and/or the contributory conduct of Plaintiff and such proximately caused or contributed to the injuries and damages, if any, claimed by Plaintiff.

////

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 8 of 11

**AS A FOURTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

4.     Acts or omissions of others than these answering Defendants constitute intervening or superseding causes of Plaintiff's injury or damages, if any.

**AS A FIFTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

5.     Plaintiff and Plaintiff's agents are guilty of bad faith conduct in the prosecution, handling, and management of the matters referred to in Plaintiff's Complaint. Plaintiff's recovery, if any, should be reduced by the amount such bad faith conduct caused or contributed to the damages, if any, claimed by Plaintiff.

**AS A SIXTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

6.     Defendants allege that Plaintiff was engaged in conduct with respect to the property, contract and activities which are the subject of the complaint, as well as to said defendant, that estops Plaintiff from asserting any claim for damages or seeking any other relief from Defendants.

**AS A SEVENTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

7.     These answering Defendants allege that if Plaintiff sustained any damages, such damages were proximately caused by Plaintiff and that Plaintiff assumed all risks, if any, in connection with the subject of the complaint.

**AS A EIGHTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

8.     These answering Defendants allege that the conduct of Defendants and their agents and employees, in connection with the damages alleged, which damage is denied, and

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 9 of 11

1  all matters alleged and complained of, was reasonable, and the conduct of Plaintiff in relation
2  thereto was unreasonable.

**AS A NINTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

9.    Plaintiffs are not entitled to damages or relief on the claims for relief stated.

**AS A TENTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

10.    Defendants have insufficient knowledge or information on which to form a belief as to whether he may have additional as yet unstated affirmative defenses available. Defendants reserve the right herein to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**WHEREFORE,** Defendants, **GREGORY FUNK,** an individual doing business as **PARKWAY TAX SERVICE**, incorrectly sued as **GREGORY FUNK TAX SERVICE** , and **GREG & BONNIE FUNK,** as Trustees of the **GREG & BONNIE FUNK FAMILY TRUST**, pray, on each and every cause of action, as follows:

1.    That Plaintiff take nothing against these Defendants by way of his complaint;

2.    That this Court grant Judgment in favor of these Defendants and against Plaintiff;

3.    That these Defendants be awarded their costs of litigation, including reasonable attorneys' fees expended in defending the allegations against them; and

////
////
////
////
////

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 10 of 11

4. That these Defendants also be awarded such additional and further relief as they may be entitled and which this Court deems just and proper, including such sums as may be available pursuant to FRCP, Rule 11.

Dated: June 10, 2008

THE LAW OFFICES OF RICHARD A. HIGGINS

s/Richard A. Higgins
Richard A. Higgins, Esq.
Attorneys for Defendants: **GREGORY FUNK,** an individual doing business as **PARKWAY TAX SERVICE**, incorrectly sued as **GREGORY FUNK TAX SERVICE** , and **GREG & BONNIE FUNK,** as Trustees of the **GREG & BONNIE FUNK FAMILY TRUST**
richard@esqr.org

Edward M. Stefan vs. GREGORY FUNK TAX SERVICE, et al.
Case no. 80 CV 0884 BEN POR
Defendant's Answer to Complaint
Page 11 of 11